NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD A. KUMI, | No. 18-16930 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05245-LB |
| v. | |
| CITY OF ALAMEDA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding**

Submitted June 11, 2019***

Before:     CANBY, GRABER, and MURGUIA, Circuit Judges.

Richard A. Kumi appeals pro se from the district court's summary judgment

in his employment action alleging claims under Title VII and California's Fair

Employment and Housing Act ("FEHA").  We have jurisdiction under 28 U.S.C.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

***     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1161 (9th Cir. 2017). We affirm.

The district court properly granted summary judgment on Kumi's race discrimination claims because Kumi failed to raise a genuine dispute of material fact as to whether he was qualified for the positions for which he applied, or whether similarly situated individuals not of his protected class were treated more favorably. *See Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018) (setting forth the elements of a prima facie case of discrimination under Title VII); *Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1113 (Cal. 2000) (setting forth the elements of a prima facie case of discrimination under FEHA).

The district court properly granted summary judgment on Kumi's retaliation claims because Kumi failed to raise a genuine dispute of material fact as to whether the City of Alameda's legitimate, non-discriminatory reasons for its actions were pretextual. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066 (9th Cir. 2003) (explaining that under Title VII the plaintiff bears the ultimate burden of demonstrating that an employer's legitimate, non-discriminatory reasons are pretextual); *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005) (under FEHA, "[i]f the employer produces a legitimate reason for the adverse

employment action, the presumption of retaliation drops out of the picture and the burden shifts back to the employee to prove intentional retaliation" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Kumi's hostile work environment claim because Kumi failed to raise a genuine dispute of material fact as to whether any hostile conduct was engaged in "because of" his race. *See Campbell*, 892 F.3d at 1016-17 (setting forth elements of a prima facie hostile work environment claim under Title VII); *Thompson v. City of Monrovia*, 112 Cal. Rptr. 3d 377, 390 (Ct. App. 2010) (setting forth elements of a prima facie hostile work environment claim under FEHA).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Kumi's contentions concerning defendant's alleged failure to produce documents are unpersuasive.

**AFFIRMED.**

18-16930